UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JACOB MEEKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11CV26 HEA |
| | ) | |
| TERRY STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Jacob Meeks (registration no. 0065196) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $00.00, and an average monthly balance of $00.00. Accordingly, the Court will not assess an initial partial filing fee at this time.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether

the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, an inmate at the Clay County Detention Center, brings this action against Terry Stevens (New Madrid Sheriff) pursuant to 42 U.S.C. § 1983 and the American with Disabilities Act ("ADA"). Plaintiff's allegations arise out of his confinement at the New Madrid County Jail.

Plaintiff states that he suffers from "handicapped disabilities." He claims that defendant Terry Stevens knew of his handicap and also knew he had suffered a stroke and "was unable to get around." Nevertheless, Stevens allegedly denied plaintiff a wheelchair or cane and required him to sleep on the floor and to walk back and forth to the courthouse in chains. Plaintiff states that as a result of defendant's "negligence," he suffered "severe pain to his body" and "had to be taken to the

hospital." In addition, plaintiff states that the jail has no handicapped cells, showers, wheelchairs, or toilet and is in violation of federal law. He further states that, as a result of the jail's deficiencies, he "fell to the floor many time[s]."

**Discussion**

A. Section 1983 claims

Having carefully reviewed the complaint, the Court concludes that plaintiff's allegations relative to his § 1983 claims are legally frivolous and will be dismissed. Simply stated, mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Moreover, the Court notes that plaintiff is suing defendant Stevens in his official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim

against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. For these reasons, the Court will dismiss plaintiff's § 1983 claims, without prejudice.

B. ADA claims

Liberally construing plaintiff's ADA claims as having been brought pursuant to Title II of the ADA, 42 U.S.C. §§ 12131, *et seq.*, the Court finds that the allegations are sufficient to proceed at this time against defendant Terry Stevens.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's § 1983 claims fail to state a claim upon which relief may be granted and are legally frivolous under 28 U.S.C. § 1915(e)(2)(B), and thus, are hereby **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that, as to plaintiff's ADA claims, the Clerk shall issue process or cause process to be issued upon the complaint.

A separate Order of Partial Claim Dismissal shall accompany this Opinion,Memorandum and Order.

Dated this 4th day of March, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE