# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

JACOB MEEKS #065196,       )
                                        )
        Plaintiff,        )
                                          )
        v.              )        No. 1:11CV0026 HEA
                                        )
TERRY STEVENS,          )
                                        )
        Defendant.      )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Terry Stevens's ("Stevens" or "Defendant") Motion for Summary Judgment [ECF No. 39] which was filed on October 24, 2012. To date, Plaintiff Jacob Meeks #065196 ("Meeks" or "Plaintiff") has not filed any opposition to Defendant's motion. As such, Defendant's motion for summary judgment will be granted.

## Factual Background[1]

Terry Stevens at all times mentioned herein was the duly elected Sheriff of New Madrid County, Missouri. Prior to when Jacob Meeks was incarcerated, he

---

[1]     The Court relies primarily on the statement of fact presented by Defendant in his Motion for Summary Judgment.  This statement of facts is supported by Defendant's affidavits, the deposition testimony of Plaintiff and the institutional documents.  Furthermore, Plaintiff has not disputed Defendant's statements of the facts in that Plaintiff has completely failed to respond to Defendant's Motion for Summary Judgment.

owned a trucking company called Jacob Best Trucking. Meeks was operating this business in 2006-2007 when he was charged in New Madrid County, Missouri with passing bad checks. Meeks was convicted of passing bad checks in 2007. Meeks was in the New Madrid County Jail in June of 2006 for about 30 days before bonding out. The new Madrid County records, however, show that Meeks was in new Madrid County from August 9, 2006 to September 20, 2006, August 14, 2007 to August 23, 2007, May 14, 2008 to May 27, 2008 and August 10, 2009 to September 1, 2009. Meeks took an ICC physical in Memphis, Tennessee just prior to going to jail in new Madrid in 2006. He was out of work for approximately 90 days because of a medical condition, then went back to truck driving for Potashnick for approximately three months in 2007.

In February, 2009, Meeks was returned to New Madrid County and went before a judge for a probation violation. New Madrid County records show that Meeks was in New Madrid County Jail from August 10, 2009 to September 1, 2009. In August 2009, Meeks's probation was revoked and he was sentenced to the Department of Corrections. While Meeks was in New Madrid County Jail, there were also holds on him in Clay County, Missouri and Jackson County, Missouri. After Plaintiff Meeks was sent to the Department of Corrections on September 1, 2009, he stayed at Bonne Terre for approximately four or five

2

months. Subsequently, he was transferred to Cameron, Missouri and then on to

Clay and Jackson counties. While incarcerated at the Clay County jail for

approximately eight to nine months, Meeks saw a doctor one time upon being

booked.

During his incarceration in the New Madrid County jail in 2006, Meeks was

on high blood pressure medication; however, he stopped taking that medication

because–based on his deposition–he felt great without the blood pressure

medication, which caused his feet to swell. During his 2009 incarceration in New

Madrid County, Meeks went to Missouri Delta Hospital in Sikeston, Missouri and

a clinic in New Madrid. Prior to the 2009 incarceration, Meeks never sought or

needed any medical equipment. Neither the emergency room doctors at the

Sikeston hospital nor the clinic physicians prescribed any specific medications or

gave him any suggestions regarding what he should do about his healthcare

matters.  Further, the medical staff did not instruct the jail to provide any special

treatment or medical equipment to Meeks. When Meeks came into the jail in 2009

he was using a cane. Defendant Stevens asked Meeks about the cane and whether

or not he needed it to walk. Meeks told Stevens that he could walk without the

cane. In 2009, Plaintiff Meeks requested a cane or crutch but his request was

denied due to security reasons.  Meeks contends that he had no handicap shower

3

or toilets in the New Madrid County jail. There are, in fact, no handicap cells in the new Madrid County jail, which was built in 1979.

Prior to his three court appearances, Meeks was taken to the hospital. The medical staff at the hospital did not prescribe any type of apparatus for Meeks to use to walk or assist him. The Sikeston emergency room physician did not prescribe a wheelchair or cane for Meeks to use. The Semo Healthcare Clinic also did not prescribe any type of apparatus for Meeks to use to walk or assist him.

### Summary Judgment Standard

The standard for summary judgment is well settled.  In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Once the moving party has met this burden, the nonmoving party may not rest on the

4

allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256;  *Littrell* , 459 F.3d at 921.  "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'"  *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)."  *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004).  An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question.  *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)."  *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003).  A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a

finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197, 3 (8th Cir. 2008).

## Legal Analysis

Defendant contends that summary judgment should be granted because Plaintiff has failed to present any evidence that he was disabled within the meaning of the American Disabilities Act, 42 U.S.C. § 12131(2) ("ADA"); that

there is no evidence Plaintiff was denied public services because of any alleged disability; that Plaintiff has failed to establish that any of his alleged medical conditions substantially limited major life activities or that the policies and procedures of New Madrid Count violated any rights of the Plaintiff; and that having a bed on the floor with a mattress, and a non-handicapped shower or toilet are not programs or activities contemplated by Title II of the ADA and accordingly , Defendant Stevens is entitled to a judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff's allegations fall under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates in state prisons. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 209-11 (1998). A local police department falls "squarely within the statutory definition of 'public entity,'" just like a state prison. *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998) (citing *Yeskey,* 524 U.S. at 210).  "To state a prima facie claim under [Title II of] the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3)

7

he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *see* 42 U.S.C. § 12132.

Plaintiff has failed to offer any evidence to suggest that he qualifies as a "disabled" individual within the meaning of the ADA. He merely asserts that the New Madrid jail staff knew he was "handicapped" and that he had suffered a stroke in the past. The only specific medical condition Plaintiff suggests that he has is hypertension, which is not considered a disability under the ADA. *Hill v. Kansas City Area Transp. Authority*, 181 F.3d 891, 893-94 (8th Cir.1999) ("Bus driver's hypertension was not in itself a 'disability' under ADA ...").

Simply put, Plaintiff has failed to offer any medical evidence that he is a disabled individual under the ADA.  Plaintiff has only offered unsupported self-serving allegations, and has failed to substantiate his allegations with sufficient probative evidence that would permit a finding in his favor.  *See Wilson,* 62 F.3d at 241 (8th Cir.1995).  Summary judgment is appropriate where there is no independent evidence, other than the nonmoving party's unsubstantiated allegations.  *Pony Computer, Inc. v. Equus Computer Sys. of Missouri, Inc.*, ___ F.3d ___ (8th Cir. 12/11/1998) (citing *Davenport v. Riverview Gardens School District*, 30 F.3d 940, 944 (8th Cir. 1994)). As such, summary judgment is appropriate here.

8

## Conclusion

Plaintiff Meeks has failed submit evidence to show that a question of fact exists as to whether he is disabled under the ADA. Based on the uncontested facts provided by Defendant Stevens, Plaintiff Meeks does not suffer from a disability that is covered by the ADA, and he was never denied any form of public service because of his alleged disability. As such, Defendant Stevens is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Terry Stevens's Motion for Summary Judgment [ECF No. 39] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Terry Stevens's Renewed Motion to Dismiss [ECF No. 24] is **DENIED** as moot.

Dated this 25th day of January, 2013.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

9